IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15CV369-WKW |
| | ) | |
| TIMOTHY PIVNICHNY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

By order entered on June 1, 2015, the District Judge has referred this case to the undersigned for action or recommendation on all pretrial matters. (Doc. # 3). Plaintiff Frederick Banks, proceeding *pro se*, has filed a motion for leave to proceed *in forma pauperis* in this action (Doc. # 2).  Upon consideration of the motion, it is

ORDERED that the motion is GRANTED.

However, upon review of the complaint, the court concludes that dismissal of plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B) is appropriate.[1] Thus, it is further

ORDERED that service of process is STAYED pending further order of the court.

Plaintiff seeks declaratory judgment and an award of monetary damages against a large number of federal officials (including judges), several federal agencies and entities, a

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

number of individuals whose status is not identified, political figures, Booz Allen Hamilton, and a reporter for the Pittsburgh Post Gazette, claiming that the defendants violated his right to due process under the Fifth and Fourteenth Amendments, as well as the Sioux Treaty of Fort Laramie.[2] Plaintiff claims that "[i]n 2003 and 2004," FBI Special Agent Timothy Pivnichny – while interviewing plaintiff's fiancé, Meredith Bondi, pointed his loaded handgun at her to intimidate her and to elicit testimony from her against Banks. Plaintiff learned of Pivnichny's conduct when Bondi returned home after the interview, "shaking and terrified." Plaintiff alleges that defendant Cynthia Reed Eddy, Bondi's attorney,[3] was present during the interview but did not do anything about it or mention Pivnichny's conduct to anyone.

According to the plaintiff, Pivnichny also – in order to set up the plaintiff – "fixed [] or caused [] to be fixed" an Orbit II DVD/CD copier belonging to the plaintiff.[4] After plaintiff attempted to expose Pivnichny, Booz Allen Hamilton, on behalf of the CIA, bombarded plaintiff with a wireless signal "to electronically harass him." Plaintiff relayed this information to Torsten Ove of the Pittsburg Post Gazette but, instead of investigating

---

[2] The defendants include, but are not limited to, federal judges in the Western District of Pennsylvania and the Middle District of Florida, the President of the United States, Hillary Clinton, Mitt Romney, Senator Richard Burr, the CIA, the U.S. Senate, the U.S. Congress, the U.S. District Court and U.S. Probation Office for the Western District of Pennsylvania, and the Administrative Office of the Courts.

[3] Plaintiff alleges that Eddy was not a United States Magistrate Judge at that time. (Complaint, p. 2).

[4] Plaintiff was convicted in the Western District of Pennsylvania on various charges relating to his sale of pirated software. See U.S. v. Vampire Nation, 451 F.3d 189 (3rd Cir. 2006).

plaintiff's allegations, Ove allegedly wrote six articles "lambasting" the plaintiff. The remaining defendants are sued because, although plaintiff "spent over 10 years writing them and explaining to them what had happened[,]" they failed to investigate his allegations; some of the defendants "recommended mental health treatment for Banks when they knew or had reason to know he needed no such treatment." (Doc. # 1).[5]

The court lacks jurisdiction to entertain some of plaintiff's claims. Plaintiff's allegations do not demonstrate that he has standing to pursue his claims for relief based on the alleged violation of Bondi's constitutional rights.[6] To the extent that plaintiff pursues monetary relief for a violation of his own constitutional rights from the various federal agencies or any federal officer in his or her official capacity, he fails to allege any facts suggesting that his claims fall within a waiver of the sovereign immunity of the United

---

[5] In Banks v. Jackson, 2015 WL 2406067 (D. Utah May 19, 2015), the court provides a summary of plaintiff's "extensive history of filing frivolous complaints in federal district courts across the United States," noting the observation of one court that he had filed "'over 205 cases' at the district court level in eighteen districts" and that of another court that plaintiff filed approximately 304 civil actions between November 2004 and July 2013. Id. at pp. 2-3. The court imposed filing restrictions on the plaintiff and noted that three other districts had done so previously. Id. at pp. 1, 3. In the Utah case (and others) plaintiff complained of federal agents' use of "voice to skull" or "V2S" technology to harass him (id. at pp. 3-4); in this case, he alleges that he was harassed by wireless signal bombardment.

[6] Plaintiff alleges no facts indicating that Pivnichny's alleged treatment of Bondi resulted in adverse testimony against the plaintiff or any other injury to the plaintiff and, thus, his complaint fails to demonstrate that plaintiff has Article III standing to pursue relief based on Pivnichny's conduct during the Bondi interview. See Harris v. Evans, 20 F.3d 1118, 1122 (11th Cir. 1994)("In order to have third-party standing, a party must first show that he has suffered an actual or threatened injury."). Additionally – even assuming that plaintiff suffered an injury in fact – plaintiff fails to allege that Bondi suffers some impediment to her ability to protect her own rights. See id. at 1123-24.

3

States.[7] To the extent that plaintiff seeks to assert a private cause of action against the United States through the federal entity or official-capacity defendants for monetary damages on a breach of contract theory "because the Sioux Treaty of Fort Laramie was violated,"[8] plaintiff's monetary demand exceeds the $10,000 jurisdictional limit of the district courts for such claims. See 28 U.S.C. §§ 1346(a)(2), 1491(a)(1).[9]

To the extent that plaintiff asserts a Bivens claim against Pivnichny for falsifying or fabricating evidence against him, the claim is barred by the statute of limitations. See Complaint, p. 1 (alleging interview of Bondi in 2003 and 2004); U.S. v. Banks, Case No.

---

[7] See F.D.I.C. v. Meyer, 510 U.S. 471 (1994)(no Bivens-type constitutional tort action against a federal agency); Stafford v. Briggs, 444 U.S. 527, 524 n. 10 (1980)("In deciding whether an action is in reality one against the Government, the identity of the named parties defendant is not controlling; the dispositive inquiry is 'who will pay the judgment?'"); Dugan v. Rank, 372 U.S. 609, 620 (1962)("The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.")(citations and internal quotation marks omitted); McCollum v. Bolger, 794 F.2d 602, 608 (11th Cir. 1986)("Federal constitutional torts ... are not within the scope of the [Federal Tort Claims Act]").

[8] See Complaint, p. 3 ("As a result of this coverup Banks brings the instant pleadings and moves the Court for damages exceeding $500,000,000.00 for violations of his Fifth and Fourteenth Amendment Right to Due Process and because the Sioux Treaty of Fort Laramie was violated. Each and every defendant acted as "bad men" in violation of the treaty when they either set Banks up or covered it up or refused to investigate Bank's allegations."); Fort Laramie Treaty art. I, 15 Stat. 635 (April 29, 1868)("If bad men among the whites, or among other people subject to the authority of the United States, shall commit any wrong upon the person or property of the Indians, the United States will, upon proof made to the agent and forwarded to the Commissioner of Indian Affairs at Washington City, proceed at once to cause the offender to be arrested and punished according to the laws of the United States, and also reimburse the injured person for the loss sustained."); Garreaux v. U.S., 77 Fed. Cl. 726, 734 (Fed. Cl. 2007)(discussing Tucker Act jurisdiction under the "bad men" provisions of treaties between the United States and various tribes).

[9] This is so even if plaintiff intended to seek only $500,000.00 in damages, the amount specified in his *ad damnum* clause. (See Complaint, p. 3).

2:03cr245-NBF, Doc. # 253, p. 2)(plaintiff's assertion, in a post-conviction motion that he filed in his criminal proceeding on January 27, 2006, over nine years ago, that Pivnichny had searched his home illegally and that "during the commission of this investigation someone repaired the Orbit II DVD/CD copying device before trial in violation of Banks' rights").[10]

Additionally, plaintiff fails to allege facts setting forth a plausible claim for relief against any defendant. In assessing whether a complaint states a claim for relief, the court does not consider "allegations ... that are merely legal conclusions." American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Instead, the court considers only the allegations of *fact* to determine whether the complaint includes "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Randall v. Scott, 610 F.3d 701, 707 n. 2 (11th Cir. 2010)(internal quotation marks omitted); see Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555-56 (2007). The complaint must contain allegations of fact adequate to "nudge[] the[] claim across the line from conceivable to plausible." Id. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere

---

[10] "In the context of an IFP frivolity determination under 28 U.S.C. § 1915, '[t]he expiration of the statute of limitations is an affirmative defense, the existence of which warrants a dismissal as frivolous.'" Walker v. U.S., 196 F. App'x. 774, 776 (11th Cir. 2006)(quoting Clark v. State of Georgia Pardons and Paroles Bd., 915 F.2d 636, 640 n. 2 (11th Cir. 1990)); see also Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003)(appropriate to dismiss complaint pursuant to 28 U.S.C. § 1915 as time-barred where no basis for tolling is identified by plaintiff or discernable from the record); Simon v. Georgia, 282 F. App'x. 739 (11th Cir. 2008)(finding no abuse of discretion in district court's dismissal of pro se claim as frivolous, on statute of limitations grounds). Bivens actions are governed by the statute of limitations applicable to § 1983 claims; for federal courts in Alabama, the applicable limitations period is two years. Kelly v. Serna, 87 F.3d 1235 (11th Cir. 1996); Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989)(*en banc*); Ala. Code, § 6-2-38(l).

possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Rule 8(a)(2))(second alteration in Iqbal).

Plaintiff previously asserted the claims now before this court in an action he filed in the U.S. District Court for the Western District of Oklahoma on May 15, 2015, against the same defendants. One week before plaintiff commenced the present lawsuit, U.S. District Judge Stephen P. Friot dismissed the Oklahoma case without prejudice pursuant to Rules 8 and 12(b) of the Federal Rules of Civil Procedure on May 21, 2015. Judge Friot reasoned as follows:

> Although plaintiff appears *pro se* and his pleadings are liberally construed, he must still comply with the Federal Rules of Civil Procedure[.] The complaint does not contain a short and plain statement of the grounds for relief. It also does not include a short and plain statement of the grounds for the court's jurisdiction. *See*, Rule 8, Fed. R. Civ. P. Moreover, the complaint reveals no grounds upon which to conclude that the court has personal jurisdiction over the defendants, or that venue is proper in this court. Finally, no alleged facts suggest a plausible basis for relief. Among other reasons for this conclusion is the fact that the dates referenced in the complaint, as well as the complaint's general narrative, indicate that plaintiff's purported claims are time-barred.

Banks v. Pivnichny, *et al.*, Civil Action No. CIV-15-530-F (W.D. Okla. May 21, 2015). The complaint that plaintiff has filed in this court is identical to the one he filed in Oklahoma, and plaintiff has failed to cure any of the deficiencies identified by Judge Friot.[11] Plaintiff's

---

[11] Identical complaints are pending in other districts also. See Civil Action No. 1:15cv3368-NLH (D.N.J., filed 5/18/2015); Civil Action No. 2:15cv864-HGD (N.D. Ala., filed 5/26/2015); Civil Action No 1:15cv281-WS (S.D. Ala., filed 5/27/15); Civil Action No. 1:15cv104-MW (N.D. Fla., filed 5/29/2015); Civil Action No. 2:15cv700-DSC (W.D. Pa., filed 5/29/2015).

complaint still fails to satisfy the pleading requirements of Rule 8 and – to the extent he asserts claims that are within this court's jurisdiction – alleges no facts that state a plausible claim for relief against any defendant.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's claims be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. Any party may file objections to this Recommendation **on or before June 16, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 2nd day of June, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER

                        CHIEF UNITED STATES MAGISTRATE JUDGE